UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

5:25-cv-75

| | |
|---|---|
| ICECOLD.US, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DIY LIQUIDATORS, LLC, SANTY PHOMMAVONG, and ALISA MARIE PHOMMAVONG a/k/a Alisa Marie Beachy,<br><br>    Defendants. | **COMPLAINT**<br><br>[JURY TRIAL DEMANDED] |

1. Defendant DIY Liquidators, LLC ("DIY"), at the direction and under the control of Defendants Santy Phommavong and Alisa Marie Phommavong, its member-managers, executed a scheme to steal approximately $2 million dollars from Plaintiff Icecold.US, LLC ("Ice Cold"). This action follows.

<u>Parties</u>

2. Ice Cold is a limited liability company organized and existing under the laws of North Carolina, with its principal place of business in Caldwell County, North Carolina.

3. Santy Phommavong resides at FCI Forrest City Low, a federal prison in Saint Francis County, Arkansas.

4. Alisa Marie Phommavong resides in Sebastian County, Arkansas. She uses at least one other name, Alisa Marie Beachy.

## Jurisdiction & Venue

5. The Court has jurisdiction under 28 U.S.C. § 1331 as this case arises under the laws of the United States.

6. The Court has jurisdiction under 28 U.S.C. § 1332 as this case involves a matter in controversy that exceeds the sum or value of $75,000 and the parties to this case are diverse.

7. The Court has jurisdiction over Defendants pursuant to N.C. Gen. Stat. § 1-75.1 *et seq.* and the exercise of such jurisdiction is consistent with the requirements of due process.

8. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Caldwell County, North Carolina.

## Facts

9. Ice Cold is an online retailer and supplier of refrigerant gas. Ice Cold stores and sells its products in and out of a warehouse in Caldwell County, North Carolina, where it also keeps its principal offices.

10. Ice Cold's sole member-manager is Austin Powell.

11. DIY is or held itself out to be a broker through which companies like Ice Cold could, for a fee, arrange the purchase of refrigerant gas from large gas distributors, including, for example, Daikin North America, LLC ("Daikin"), a worldwide manufacturer of air conditioning systems and refrigerants.

12. DIY has two member-managers: Alisa Phommavong and Santy Phommavong.

13. All of DIY's activities are conducted by and through Alisa Phommavong and Santy Phommavong, acting together.

14. In August 2022, Ice Cold, through Powell, agreed to transfer $2,691,800 to DIY to broker the purchase of an agreed-upon amount of refrigerant gas (the "First Order").

15. DIY delivered the refrigerant to Ice Cold consistent with the terms of the First Order.

16. In November 2022, after DIY delivered the first order, Ice Cold, through Powell, ordered additional refrigerant from DIY (the "Second Order"). This time, DIY asked Ice Cold to transfer $2,049,600, inclusive of the purchase of the refrigerant and DIY's brokerage fee.

17. Ice Cold transferred $2,049,600 to DIY on November 15, 2022, via interstate wire transfer from Ice Cold's account with Peoples Bank of North Carolina to DIY's account (number ending 1450) with the First National Bank of Fort Smith in Fort Smith, Arkansas.

18. DIY never fulfilled the Second Order.

19. In the weeks after Ice Cold placed the Second Order, Powell followed up with DIY's representatives several times to check the status of the order. By mid-December 2022, Powell was becoming worried over the delay in delivery. He reached out to two DIY representatives, including Andy Erickson, who held himself out to be

an employee of DIY working directly with Santy Phommavong, and Santy Phommavong himself. In their communications:

    a.    Erickson told Powell that his order had been or was being sourced through Weitron, and international manufacturer of refrigerant gas, and that delays in delivery had to do with Weitron's internal business practices and/or issues in communications with Weitron's representatives in China. Santy Phommavong would repeat the representation that delivery delays were due to Weitron's representatives in China.

    b.    After Powell demanded the return of Ice Cold's wire, Erickson promised to wire $500,000 and sent Powell photographs of stacks of $100 bills bound in plastic with a note with Powell's name and the date as evidence that Erickson and DIY had the funds to make good on DIY's promise to repay Ice Cold.

    c.    Phommavong told Powell that the refrigerant had been purchased from Weitron and was scheduled for delivery.

    d.    Phommavong reassured Powell by sending him a picture of a bank receipt with a balance statement showing an account (number ending 2320) with a balance of $11,546,454.98. Phommavong told Powell that the account was his personal account.

20. At all time relevant, Santy Phommavong was an employee of Sanders Supply, Inc. ("Sanders Supply"), a wholesaler of, among other things, refrigerant gas. In mid-December 2022, after Powell began demanding answers, Santy Phommavong

purchased $319,000 worth of refrigerant gas on Sanders Supply's account from a company called ICOOL, Inc., and had that gas delivered to Ice Cold.

21. The refrigerant that DIY delivered to Ice Cold did not come close to fulfilling Ice Cold's over $2 million purchase order.

22. Between December 23 and December 30, 2022, Santy Phommavong made repeated false and fraudulent text message communications to Powell in which he told Powell that the remainder of Ice Cold's order was scheduled to ship. Santy Phommavong knew these statements were false.

23. On January 6, 2023, Powell reported Santy Phommavong and DIY to the FBI.

24. On or about November 29, 2023, Santy Phommavong pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of money laundering in violation of 18 U.S.C. § 1957. He was sentenced to and remains in federal prison.

25. Ice Cold's $2,049,600 remains largely unaccounted for. The admission of factual basis that Santy Phommavong adopted as part of his guilty plea indicates that part of those funds ($397,690) were paid to Daikin[1] and the rest were deposited into a United Federal Credit Union account (number ending 6185) in or around November 2022.[2] According to the same document, Santy Phommavong then

---

[1] According to the admission of factual basis, DIY purchased the refrigerant that it used to fulfill the First Order from Daikin with a bad check.

[2] The account number for the account where Ice Cold's funds were deposited does not match the number for the account that Santy Phommavong referred to as his personal account.

purchased a cashier's check for $1,500,000 payable to Goldstrike Casino, a casino in Tunica Resorts, MS, on November 16, 2022. That is all the factual basis says about the funds.

26. No criminal charges were ever brought against Alisa Marie Phommavong, despite her ownership and managerial interest in DIY (Alisa Marie Phommavong is identified as the organizer of DIY on its corporate filings, and public records searches show her as an officer of DIY). Powell does not believe the FBI ever interviewed or otherwise investigated Alisa Phommavong's involvement in this fraud.

## Claim 1 – Lanham Act

27. Ice Cold incorporates the above allegations by reference.

28. Defendants used in interstate commerce several false or misleading descriptions of fact and false or misleading representations of fact which were likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection, or association with Weitron, Daikin, and other manufacturers and wholesalers of refrigerant gas. Such misleading descriptions of fact and false or misleading representations of fact include the following:

    a. Erickson and Santy Phommavong's representation that DIY had purchased refrigerant gas from Weitron pursuant to the Second Order;

    b. Santy Phommavong's use of an insufficient funds check to pay for and cause the delivery of refrigerant gas to Ice Cold pursuant to the First Order; and

c. Erickson and Santy Phommavong told Powell repeatedly that they were in touch with Weitron representatives and that delays in the shipment of Ice Cold's Second Order were due to Weitron's business practices and/or representatives in China.

29. Such conduct violated 15 U.S.C. § 1125(a)(1)(A).

30. Ice Cold relied on Defendants' misrepresentations in making the decision to (a) pay DIY the funds for the Second Order and (b) delay in reporting DIY to law enforcement or taking other action to secure the return of Ice Cold's money.

31. As a direct and proximate result of Defendants' violation of 15 U.S.C. § 1125(a)(1)(A), Ice Cold has suffered damages in excess of $75,000.

### Claim 2 – Conversion

32. Ice Cold incorporates the above allegations by reference.

33. Ice Cold paid DIY $2,049,600 for the purchase of refrigerant gas.

34. DIY paid that money (including funds earmarked for use in the purchase of refrigerant gas from a third-party supplier) over to or for the benefit of Santy Phommavong and Alisa Phommavong.

35. Defendants thereby intentionally converted Ice Cold's personal property to their own use and benefit and deprived Ice Cold of the use and enjoyment of such personal property.

36. Defendants have failed and refused to return such personal property despite demand.

37. As a direct and proximate result, Ice Cold has suffered damages in an amount in excess of $75,000.

## Claim 3 – Unfair and Deceptive Trade Practices

38. Ice Cold incorporates the above allegations by reference.

39. Defendants' conduct described herein constitutes one or more unfair or deceptive acts or practices in commerce.

40. Such conduct violates section 75-1.1 *et seq.* of the North Carolina General Statutes.

41. As a direct and proximate result of such conduct, Ice Cold has suffered damages in an amount in excess of $75,000.

42. Ice Cold is entitled to treble damages pursuant to section 75-16 of the North Carolina General Statutes.

## Claim 4 – Breach of Contract

43. Ice Cold incorporates the above allegations by reference.

44. DIY and Ice Cold entered into a valid, enforceable contract wherein Ice Cold agreed to pay DIY to broker the purchase of refrigerant gas—that is, through the Second Order.

45. Ice Cold performed its obligations under the contract.

46. DIY breached the contract by failing to deliver all the refrigerant gas that Ice Cold ordered.

47. As a direct and proximate result of such breach, Ice Cold has suffered damages in excess of $75,000.

### Claim 5 – Unjust Enrichment

48. Ice Cold incorporates the above allegations by reference.

49. Based on the foregoing, DIY has been unjustly enriched at the expense of Ice Cold. The Court should impose a constructive trust on DIY that directs DIY to repay an amount equal to DIY's unjust enrichment to Ice Cold.

50. Based on the foregoing, Defendant Santy Phommavong has been unjustly enriched at the expense of Ice Cold. The Court should impose a constructive trust on Santy Phommavong that directs Santy Phommavong to repay an amount equal to his unjust enrichment to Ice Cold.

51. Alisa Phommavong has also been unjustly enriched, either because she directly received some or all of the funds that Ice Cold paid to DIY, or because she benefitted from the payment of those funds to Santy Phommavong. The Court should impose a constructive trust on Alisa Phommavong that directs Alisa Phommavong to repay an amount equal to her unjust enrichment to Ice Cold.

### Claim 6 – Civil Conspiracy

52. Ice Cold incorporates the above allegations by reference.

53. Santy Phommavong and Alisa Phommavong agreed to form and operate DIY for the purpose of defrauding potential purchasers of refrigerant gas.

54. Santy Phommavong and Alisa Phommavong each engaged in overt acts in furtherance of such conspiracy, including but not limited to as described herein.

55. As a direct and proximate result of such conspiracy and the overt acts taken in furtherance of same, Ice Cold suffered damages in an amount in excess of $75,000.

## Veil-Piercing

56. Ice Cold incorporates the above allegations by reference.

57. DIY is a mere alter ego of Alisa Phommavong and Santy Phommavong, in that:

    a. DIY never followed corporate formalities;

    b. DIY was never adequately capitalized given the nature of its operations; and

    c. DIY's funds were regularly accessed and used by Alisa Phommavong and Santy Phommavong for the payment of personal expenses.

58. Alisa Phommavong and Santy Phommavong formed DIY to serve as a liability-shield so that they could engage in a pattern and practice of intentional and reckless misconduct, including misconduct of the type alleged herein.

59. For these reasons, the Court, in equity, should pierce the veil and hold Santy and Alisa Phommavong individually liable for the acts of DIY.

## Punitive Damages

60. Ice Cold incorporates the above allegations by reference.

61. Defendants' conduct as alleged herein involved fraud, malice, and willful or wanton conduct, such that Ice Cold is entitled to an award of punitive damages pursuant to Chapter 1D of the North Carolina General Statutes.

Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that the Court award it the following relief:

1. Trial by jury as to all matters so triable;

2. Compensatory damages from Defendants in excess of $75,000;

3. Treble damages pursuant to Chapter 75 of the North Carolina General Statutes;

4. Punitive damages pursuant to Chapter 1D of the North Carolina General Statutes;

5. A constructive trust as described above;

6. Pre and post-judgment interest on any award of damages to the extent the law allows;

7. Reasonable attorney's fees and costs from Defendants to the extent the law allows; and

8. Such other relief as the Court deems just and proper.

This 12th day of May, 2025.

Respectfully,



By: /s/ Bo Caudill
Bo Caudill
N.C. Bar No. 45104
bocaudill@villmercaudill.com
Nicholas E. Williams

N.C. Bar No. 61968
nickwilliams@villmercaudill.com
VILLMER CAUDILL, PLLC
P.O. BOX 18186
Charlotte, NC 28218
Tel: 704-216-8120
Fax: 704-705-8191
*Counsel for Ice Cold*